IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JACKIE T. DANSBY

PLAINTIFF

v.                          Civil No. 1:14-CV-01020-SOH-BAB

NATHAN GREELEY, ET. AL.

DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Jackie T. Dansby pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with two Court Orders and his failure to prosecute. After careful consideration, the Court makes the following Report and Recommendation.

1.    **BACKGROUND**

Plaintiff filed his Complaint on April 1, 2014 while incarcerated at the Arkansas Department of Corrections ("ADC") Grimes Unit. ECF No. 1. A Summary Judgment hearing was set for October 20, 2015 at 10:00 am in EL Dorado. ECF No. 22. The purpose of this hearing was to provide Plaintiff an opportunity to respond to the motion by testifying and presenting exhibits. The Court entered an Order on September 25, 2015 directing Plaintiff to respond to the Order and indicate if he intended to appear at the Summary Judgment Hearing. ECF No. 30. Plaintiff filed a

1

Response on October 9, 2015, stating he would be present at the hearing on October 20, 2105. ECF No. 31.

On October 20, 2015, the Court traveled to EL Dorado to conduct the hearing. Joshua D. Standerfer, counsel for Defendants, was present.  Plaintiff did not appear. The Court waited thirty-five minutes for Plaintiff to appear.  He did not.  At 10:35 am, the hearing was adjourned.

An Order to Show Cause was entered on October 21, 2015, directing Plaintiff to respond by November 10, 2015.  ECF No. 32.  The Order was not returned as undeliverable.  Plaintiff has not responded.

Plaintiff has not communicated with the Court since October 9, 2015.

## 2.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b),

2

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.   DISCUSSION**

   Plaintiff failed to comply with the Court's Order directing him to appear at the October 20, 2015 Summary Judgment Hearing.  Plaintiff failed to comply with the Court's Order to Show Cause regarding his failure to appear at the Summary Judgment Hearing.  Plaintiff failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.   CONCLUSION**

   For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Orders, and has failed to

prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of December 2015.**


/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4